

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**LONDON**

CRIMINAL ACTION NO. 6:24-CR-37-CHB-EBA-1

**UNITED STATES OF AMERICA**                                    **PLAINTIFF**


**V.**                                    **PLEA AGREEMENT**


**STEPHANIE COLLINS**                                    **DEFENDANT**

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant Stephanie
Collins ("Defendant") will enter a guilty plea to Count 1 of the Information, charging
a violation of 18 U.S.C. § 1347.

2. The essential elements of the offense are:

(a) that the Defendant knowingly and willfully executed a scheme to defraud
a health care benefit program, or to obtain, by means of false or fraudulent pretenses,
representations, or promises money owned by, or in the control of, a health care
benefit program, in connection with the delivery of health care benefits, items, or
services;

(b) that the scheme related to a material fact or included a material
misrepresentation or concealing of a material fact; and

(c) that the Defendant had the intent to defraud.

3. The Defendant agrees that the United States would prove the facts described in
Paragraph 4 below (the "Factual Basis"), beyond a reasonable doubt at trial.   The
Defendant also agrees that these facts fairly and accurately describe the Defendant's
actions and involvement in the offense for which she is charged, and to which she is

pleading guilty, and establish the essential elements of this offense beyond a reasonable doubt. Further, the Defendant agrees that, effective as of the date the Defendant signs this Plea Agreement, and notwithstanding any other subsequent event, including but not limited to the Defendant's failure to plead guilty, the Court's refusal to accept the Defendant's guilty plea, or the Defendant's withdrawal (or attempted withdrawal) of her guilty plea, the "Factual Basis" set forth in this Plea Agreement shall be admissible against the Defendant in any criminal case involving the United States and the Defendant, as: (a) substantive evidence offered by the United States in its case-in-chief and rebuttal case; (b) impeachment evidence offered by the United States on cross-examination; and (c) evidence at any sentencing hearing or other hearing. In addition, the Defendant also agrees not to assert any claim under the Federal Rules of Evidence (including Rule 410 of the Federal Rules of Evidence), the Federal Rules of Criminal Procedure (including Rule 11 of the Federal Rules of Criminal Procedure), or the United States Sentencing Guidelines (including USSG § 1B1.1(a)) that the "Factual Basis" set forth in this Plea Agreement should be suppressed or is otherwise inadmissible as evidence (in any form).

4.     As to Count 1 of the Information, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

(a) During the timeframe described in the Information, the Defendant was a registered pharmacist licensed to practice in the Commonwealth of Kentucky. During that time, the Defendant owned and operated Stephanie's Down Home Pharmacy, Inc. ("SDHP"), a retail pharmacy in located in Corbin, Kentucky.

2

(b) During the relevant timeframe, SDHP dispensed a variety of prescription drugs to its customers pursuant to prescriptions issued by those customers' health care providers. Some SDHP customers received prescriptions for prescription drugs with a refill option from their prescribers. SDHP sought reimbursement for items such as prescription drugs from Medicare and Kentucky Medicaid, both of which were health care benefit programs under 18 U.S.C. § 24(b).

(c) In the course of its operations, SDHP employees ordinarily used a computer system when filling prescriptions which tracked certain information relating to the prescriptions, generated prescription labels, and electronically submitted claims for payment to Medicare and Kentucky Medicaid.

(d) In some instances, the Defendant and other SDHP employees used the SDHP computer system to submit claims for payment to Medicare and Kentucky Medicaid for prescription drugs that patients never picked up or did not otherwise receive from SDHP.    SDHP, with the Defendant's knowledge and at the Defendant's direction, retained payments for these drugs even though SDHP never ultimately dispensed them to customers. These claims were materially false because Medicare and Kentucky Medicaid would not have otherwise reimbursed SDHP for these drugs had they known that the drugs were not actually dispensed to SDHP's patients. In total, Medicaid and Medicare reimbursed SDHP $627,614.60 for these false and fraudulent prescription drug claims.

(e) Further, in some instances, SDHP, with the Defendant's knowledge and at the Defendant's direction, submitted claims for payment to Kentucky Medicaid for more expensive (and higher reimbursing) diabetic test strips, yet provided less expensive (and lower reimbursing) test strips to SDHP customers. This enabled SDHP to realize a larger profit when seeking reimbursement for these test strips. These claims were materially false because Kentucky Medicaid would not have otherwise reimbursed SDHP for test strips which were more expensive than the test strips provided to SDHP's patients.    In total, Medicaid reimbursed SDHP $102,441.18 for these false and fraudulent prescription claims for diabetic test strips.

(f)    The events described above occurred in and around the Eastern District of Kentucky.

5. The statutory punishment for the sole count in the Information is imprisonment for not more than 10 years, a fine of not more than $250,000 or twice the gross gain or gross loss, and supervised release of no more than 3 years. A mandatory special assessment

of $100 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea.

6. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court:

(a)   United States Sentencing Guidelines (U.S.S.G.), November 1, 2023, manual, will determine the Defendant's guidelines range.

(b)  Pursuant to U.S.S.G. § 2B1.1, the base offense level is 6.

(c)  Pursuant to U.S.S.G. § 2B1.1(b)(1)(H), increase the offense level by 14 levels because the loss is greater than $550,000 but less than $1,500,000.

(d) The United States will argue at sentencing for a 2-level increase pursuant to U.S.S.G. § 3B1.3 because the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense. The Defendant may oppose the imposition of this enhancement at sentencing.

(e)  Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

(f)  Pursuant to U.S.S.G. § 4C1.1 and provided that the Defendant does not receive any criminal history points under U.S.S.G. Chapter Four, Part A, decrease the offense level by 2 levels.

(g)  Pursuant to U.S.S.G. § 5E1.1 and 18 U.S.C. § 3663A, restitution is $730,055.78, and the victims are Medicare and Kentucky Medicaid.

7. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

4

8. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2 or a departure motion pursuant to U.S.S.G. Chapter 5, Parts H or K. The Defendant, however, may seek a sentence below the advisory sentencing guidelines range as determined by the Court at sentencing.

9. The Defendant waives the right to appeal the guilty plea, conviction, and sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

10. The Defendant agrees to surrender her pharmacy license to the Kentucky Board of Pharmacy and that she will voluntarily surrender her Drug Enforcement Administration ("DEA") registration.

11. The United States will recommend releasing the Defendant prior to reporting to the Bureau of Prisons for service of any term of incarceration on the current conditions for future court appearances if the Defendant does not violate the terms of the order setting conditions of release.

12. The Defendant consents to the imposition of forfeiture money judgment in the amount of $730,055.78, which represents the amount of proceeds that the Defendant obtained as a result of the offense to which she is pleading guilty. The Defendant consents to the entry of a Preliminary Order of Forfeiture, pursuant to Federal Rule of Criminal Procedure 32.2. If the Defendant fails to pay in full the forfeiture money judgment, she consents to the forfeiture of any other property of hers up to the amount of the forfeiture money judgment pursuant to 21 U.S.C. § 853(p), and further agrees that the conditions of

5

21 U.S.C. § 853(p)(1)(A)-(E) have been met. The Defendant voluntarily and knowingly waives all provisions in Rule 32.2 pertaining to notice and/or the timing of forfeiture orders. The Defendant also waives his/her right, if any, to a jury trial on forfeiture and all constitutional, legal, or equitable defenses to the forfeiture. The Defendant agrees that this forfeiture is separate and distinct from any restitution, fine, or penalty ordered by the Court and shall survive bankruptcy. The United States agrees to request restoration of any property forfeited or funds collected pursuant to the forfeiture money judgment identified in this Paragraph, seeking application of forfeited property to the restitution obligation set forth in Paragraph 6(g), if the requirements of 28 C.F.R. § 9.2(b) are met.

13. The Defendant agrees to pay restitution in the amount of $730,055.78 Medicare and Kentucky Medicaid as ordered at sentencing pursuant to 18 U.S.C. § 3663(a)(3). The Defendant agrees that the restitution amount may include restitution for all losses caused by the Defendant's criminal conduct or through the commission of the offense of conviction, even if such losses resulted from crimes not charged or admitted by Defendant in the factual basis.

14. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete, sign, and return to the United States Attorney's Office a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing

any transfer of assets that has taken place within three years preceding the entry of this plea agreement. Upon request, the Defendant agrees to provide the United States Attorney's Office with records verifying his/her financial information or with any releases required to obtain such records, with such releases being valid for a period extending 90 days from the date of sentencing. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. Prior to sentencing, the Defendant agrees to notify the United States Attorney's Office and obtain its consent before transferring, encumbering, or disposing of any interest in property with a value exceeding $1,000.00 owned or controlled directly or indirectly, individually or jointly, by the Defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. The Defendant agrees to notify the United States Attorney's Office of any material changes in his/her economic circumstances, as described in 18 U.S.C. § 3664(k), which occur prior to sentencing, within seven days of the event giving rise to the changed circumstances. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

15.    The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant waives any defense or objection to any action to enforce the collection of financial obligations to be imposed in connection with this prosecution, including, but not limited to, collection procedures authorized by the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001, et seq., 18 U.S.C. § 3664, or 18 U.S.C. § 3613. The Defendant expressly authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court. The Defendant authorizes the United States Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office.

16.    If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

17. This document contains the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

18. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

19. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

CARLTON S. SHIER, IV
UNITED STATES ATTORNEY

Date: 6/12/24          By: _____
                           Andrew E. Smith
                           Assistant United States Attorney

Date: 5/10/24          _____
                       Stephanie Collins
                       Defendant

Date: 5/13/2024        _____
                       Adam Reeves
                       Attorney for Defendant

9